Rivera, Demandante y Apelante, *v.* Rivera et al.,
Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Humacao
en pleito sobre cumplimiento de contrato y daños y per-
juicios.

No. 2648.—Resuelto en junio 23, 1922.

Compraventa de Finca no Inscrita—Inscripción: Acción para Obligar a la—
Daños y Perjuicios — Evicción y Saneamiento. — No apareciendo que el
vendedor se comprometiese a inscribir la finca que vendiera por escritura
en la cual se hizo constar que no estaba inscrita, el comprador carece de
acción para obligarlo a inscribir su título o reclamarle daños y perjuicios
en caso de no hacerlo, aunque se hubiera comprometido a la evicción y sa-
neamiento de la finca.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. González.*

Abogado de los apelados: *Sr. C. Travecier.*

El Juez Presidente Sr. del Toro, emitió la opinión del
tribunal.

Juan Rivera Flecha demandó a Teodoro Rivera y a su
esposa Guadalupe Ruíz para que dentro de treinta días ins-
cribieran a su nombre en el registro cierta finca que ven-
dieron al demandante y para que le pagaran trescientos dó-
lares por daños y perjuicios. Se opusieron los demandados
y la corte les dió la razón en su fallo. El demandante apeló
para ante este tribunal.

Resulta de la prueba que en efecto los demandados ven-
dieron al demandante la finca de que se trata, pero resulta
también que en la misma escritura se hizo constar que la
finca no estaba inscrita en el registro de la propiedad.
Nada se pactó en la escritura misma con respecto a que los
vendedores se comprometieran a inscribir su título. Nada
demostró el demandante que se hubiera pactado fuera de
la escritura en relación con tal extremo. El apelante admite
que esto es así, pero sostiene que el vendedor está obligado
a entregar la cosa vendida al comprador y que cuando se

trata de un bien inmueble, como en este caso, la cosa no se entiende entregada hasta que no está inscrita en el registro.

Cita el apelante las opiniones de Azcárate y Manresa en relación con la entrega de la cosa vendida. Véanse los comentarios de Manresa, páginas 125 y siguientes, tomo 10. A nuestro juicio esas opiniones no tienen el alcance que le atribuye el apelante. Importantísimo es, en efecto, el registro. Tiende a garantizar y garantiza de hecho en la casi totalidad de los casos las transmisiones de la propiedad. Pero esto no quiere decir que un contrato de compraventa de una propiedad no inscrita no se entienda perfecto cuando existe el consentimiento de los contratantes, el objeto cierto materia del contrato y la causa de la obligación establecida, ni que la propiedad vendida no se entienda entregada cuando el contrato se hizo constar en escritura pública. Sostener lo contrario sería dejar sin efecto los artículos 1128 y 1365 del Código Civil Revisado. Véase por analogía el caso de *González v. González,* de 20 de junio actual, (pág. 823). El comprador sabía que la finca que compraba no estaba inscrita. En muchas ocasiones esta circunstancia influye en la cuantía del precio. No es lo mismo adquirir una propiedad con su titulación perfecta que comprarla sin que su historia conste claramente en el registro. Y no es raro observar en escrituras de compraventa de bienes inmuebles que el vendedor se compromete expresamente a aclarar la titulación hasta dejar inscrito su título en el registro.

Es cierto que los vendedores pactaron en la escritura de que se trata la evicción y saneamiento, pero esto no quiere decir que estén obligados a registrar su título luego de vendida la finca sin haberse comprometido a ello. Una persona puede ser dueña absoluta de un bien inmueble no inscrito y como dueña disponer de él vendiéndolo en las mismas condiciones, transmitiéndose al comprador de tal modo el derecho dominical del vendedor sin que sea tampoco necesaria la inscripción en el registro.

Por virtud de todo lo expuesto debe declararse sin lugar el recurso y confirmarse la sentencia recurrida.

*Confirmada la sentencia recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.